# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Susanne Salvati-Bryant, | Case No.: 2:17-cv-01406-JAD-CWH |
| Plaintiff | **Order Granting Motion for Attorney Fees** |
| v. | [ECF No. 22] |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | |
| Defendant | |

Susanne Salvati-Bryant brought this action for judicial review of the Commissioner of Social Security's final decision denying her request for disability insurance benefits under 42 U.S.C. § 405(g).[1] On the parties' stipulation, I remanded the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g) with instructions to vacate the prior ruling and reconsider the disability claim.[2] Salvati-Bryant now moves for attorney fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.[3] I grant Salvati-Bryant's motion and award her $5,300 in fees and costs.

## Discussion

The EAJA authorizes courts to "award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances

---

[1] ECF No. 22 at 2.
[2] ECF No. 19.
[3] ECF No. 22.

make an award unjust."[4] The district court has discretion to award attorney fees under the EAJA with no limit aside from a statutory hourly-rate cap.[5]

I find that Salvati-Bryant qualifies for attorney fees and costs under the EAJA because she is the prevailing party, and I do not find special circumstances that would make an award unjust[6]—indeed, her motion is unopposed. So I consider the reasonableness of her request using the lodestar method.[7] "To calculate the lodestar amount, the court multiplies 'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'"[8] "Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases."[9] But this range is not a "de facto policy," and a "determination will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained."[10]

The statutory cap for attorney fees under 28 U.S.C. § 2412(d)(2)(A) is adjusted for inflation and is capped at $196.79 per hour for work performed in 2017.[11] Salvati-Bryant's attorney requests an hourly rate of $195.95,[12] which falls within the statutory cap. I find that

---

[4] 28 U.S.C. § 2412(d)(1)(A); *see also Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998); *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).

[5] 28 U.S.C. § 2412(d)(2)(A); *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996); *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998).

[6] *See Shalala v. Schaefer*, 509 U.S. 292, 300 (1993) (explaining that a party is the "prevailing party" when a court grants a remand under sentence four of 42 U.S.C. § 405(g)).

[7] *Costa v. Comm'r of Social Security Admn.*, 690 F.3d 1132, 1135 (9th Cir. 2012).

[8] *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); s*ee also Stetson v. Grissom,* 821 F.3d 1157, 1166-67 (9th Cir. 2016).

[9] *Costa*, 690 F.3d at 1135.

[10] *Id.*

[11] https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

[12] ECF No. 22 (Exhibit B).

2

26.2 hours is reasonable. Counsel successfully obtained a remand of the Commissioner's decision denying Salvati-Bryant's benefits, but that agreement came only after counsel filed her motion to remand. In light of the detailed remand motion and its successful effect, I find that 26.2 hours was a reasonable time expenditure in this case. So I award Salvati-Bryant $4,900 in fees.

Finally, 28 U.S.C. § 2412(a)(1) gives me the authority to award "a judgment for costs . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action." Salvati-Bryant seeks $400 for filing fees, mailing costs, and printing and binding costs. I find these costs are awardable, and I also award Salvati-Bryant her $400 in costs.

## Conclusion

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED that Salvati-Bryant's motion for attorney fees **[ECF No. 22] is GRANTED**. The Clerk of Court is directed to enter judgment in favor of Salvati-Bryant and against the Commissioner in the amount of $5,300, less any applicable processing fees allowed by statute.

DATED July 17, 2018.

_____
U.S. District Judge Jennifer A. Dorsey